19524. STEWART *et al. v.* KATZ *et al.*

Argued November 15, 1956—Decided January 14, 1957.

*Wright Gellerstedt,* for plaintiff in error.

*Hamilton Lokey, James M. Roberts, Israel Katz, Lokey & Bowden,* contra.

WYATT, Presiding Justice. 1. It is not necessary to here set out fully the lengthy pleadings filed in this case. The petition together with its amendments covers more than thirty pages, and the general demurrer of the defendants alone contains more than 107 grounds, all of which, of course, attack the petition as failing to set out a cause of action. It is sufficient to say that what plaintiff seeks is to have a court of equity declare that a certain agreement between plaintiff and Stuffy's Drive-In, Inc., on the one hand and Katz on the other, was a loan transaction; and that a certain deed was a security deed, when it appears on its face to have been an outright sale with a right of repurchase; and to rescind a quitclaim deed to described property, a transfer of fixtures and contents of a described building, and a transfer of stock, all from plaintiff and Stuffy's Drive-In to Cohen and Katz.

It is not entirely clear from the petition and its various amendments just what relief plaintiff seeks; that is, whether he wants to reform the first transaction so as to make it a loan and security transaction, or whether he wants to rescind the transaction, or whether he wants some other kind of relief. However, it is not necessary to determine this question for the reason the pe-

tition does not allege that the plaintiff did not know exactly what the transaction was and what the deed he signed was at the time that he did so. It is not alleged that he thought he was entering into or intended to enter into a loan transaction or that he thought the deed was or intended the deed to be a security deed. In so far as the allegations of the petition are concerned, the plaintiff thought he was entering into and intended to enter into exactly the transaction which he did enter into. Under these conditions, he is certainly not entitled to relief when at a later date he learns that he made a bad deal.

2. It having been decided in the above division of this opinion that the petition failed to state a cause of action against anyone for any relief on behalf of anyone interested, it becomes unnecessary to pass upon the other assignments of error in the bill of exceptions.

*Judgment affirmed. All the Justices concur.*